**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

RICKY LEE MILLER,

      Petitioner,

v.                                     Civil Action No. 3:07cv726

GENE JOHNSON, DIRECTOR,
VIRGINIA DEPARTMENT OF CORRECTIONS,

      Respondent.

**MEMORANDUM OPINION**

Petitioner Ricky Lee Miller, a Virginia state inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Miller challenges his conviction and thirty-three (33) year sentence for several felony convictions. Respondent filed a motion to dismiss and appropriate *Roseboro* notice. Miller has responded and the matter is ripe for disposition. Jurisdiction is proper pursuant to 28 U.S.C. §§ 636(c) and 2254.

**I.  Procedural History**

**A.**    **State Court Proceedings and Direct Appeal**

On July 20, 2004, after a trial in the Circuit Court of the City of Richmond ("Circuit Court"), a jury found Miller guilty of statutory burglary, abduction, malicious wounding, robbery, and four (4) counts of use of a firearm in the commission of each of the felonies. On December 14, 2004, the Circuit Court sentenced Miller to thirty-three (33) years of incarceration.

Miller appealed his conviction to the Court of Appeals of Virginia on April 13, 2005. On July 13, 2005, a single judge refused Miller's petition for appeal. On December 16, 2005, a

three-judge panel denied Miller's petition for appeal.  After further briefing, the Supreme Court

of Virginia denied Miller's petition on May 3, 2006.

**B.**      **State Habeas Petitions**

On September 24, 2004, prior to his sentencing, Miller filed a state petition for a writ of

habeas corpus.[1]  On January 7, 2005, the Supreme Court denied Miller's petition without

prejudice because it was premature, and advised Miller that his "right to file a subsequent

petition for writ of habeas corpus [was] limited to the grounds assigned in the present

[September 24, 2004] petition."  (Resp.'s Br. in Supp. of Rule 5 Answer & Mot. to Dismiss

("Resp.'s Br."), Ex. 8, Ex. B.)

On June 12, 2006, Miller filed a second state habeas petition.  The Circuit Court

summarized the claims raised in Miller's second state petition as follows, verbatim:

(a)      His arrest was unlawful;

(b)      Prosecutorial misconduct;

(c)      The evidence was insufficient to sustain his convictions;

(d)      "Unconstitutional Behavior By Court";

(e)      Unlawfully obtained indictment;

(f)      Ineffective assistance of counsel, in that counsel: (1) failed to object when
         the police and a Department of Forensics employee took [Miller's]
         fingerprints just before trial and also failed to inform the jury of the same;
         (2) refused to investigate Petitioner's claim that he was not at the victim's
         house on November 14, 2003 and refused to obtain telephone records;
         (3) refused to investigate the crime scene; (4) refused to file a motion to

---

[1] In this petition, Miller alleged: (1) counsel was appointed immediately before trial;
(2) counsel refused to investigate the case; (3) counsel did not investigate what happened to the
gun allegedly used in the commission of the felonies; and, (4) counsel failed to file a motion to
suppress.

dismiss when counsel knew the Commonwealth did not have Petitioner's fingerprints or on the basis that the Commonwealth improperly took his fingerprints just before trial; (5) refused to interview the victim; (6) refused to interview the Commonwealth's witnesses; (7) refused to investigate or prepare an alibi defense; (8) refused to investigate police reports; (9) refused to investigate or prepare possible defenses; (10) failed to investigate discovery material; (11) failed to investigate the whereabouts of Petitioner's gun or seek ballistic tests.

(Resp.'s Br., Ex. 9 at 3-4.)  On October 23, 2006, Respondent filed a motion to dismiss Miller's second state habeas petition.  By Final Order dated April 6, 2007, the Circuit Court granted Respondent's motion to dismiss and denied Miller's second state habeas petition with prejudice. The Supreme Court refused Miller's petition for appeal on September 27, 2007.

**C.    Federal Habeas Petitions**

Miller filed a petition for habeas corpus in this Court on January 10, 2005.[2]  The Honorable Richard L. Williams denied this petition without prejudice on August 26, 2005 because Miller failed to exhaust his state remedies.  *See Miller v. Johnson*, No. 3:05cv20 (E.D. Va. Aug. 26, 2005) (order dismissing petition for writ of habeas corpus).

On November 29, 2007, Miller filed the instant petition, raising the following claims, presented below verbatim:

[Claim A:]    The Trial Court erred in ruling petitioner committed a procedural defaulton his claim counsel rendered ineffective assistance on the claim the arrest was unlawful

---

[2] The Court's August 26, 2005 Opinion also indicates that Miller filed another federal habeas petition in September 2004 that was dismissed without prejudice.  In addition, Miller filed a § 1983 complaint in this Court on April 2, 1992.  *Miller v. Va. Dep't of Corr.*, No. 3:92-cv-219-DGL.  The Court granted Defendants' motion to dismiss this Complaint on February 16, 1993.

[Claim B:]    The Trial Court erred in ruling petitioner committed procedural default on his claim counsel rendered ineffective assistance in failing to object to the use of the fingerprint evidence taken prior to trial for use.

[Claim C:]    The Trial Court erred in ruling petitioner counsel did not render ineffective assistance for failing to investigate petititioner was not at the victim's home; by failing to obtain recorded phone records from local jail

[Claim D:]    The Trial Court erred in ruling counsel did not render ineffective assistance for failing to investigate the crime scene

[Claim E:]    The Trial Court erred in ruling counsel did not render ineffective assistance for failing to interview the victim

[Claim F:]    The Trial Court erred in ruling counsel did not render ineffective assistance for failing to investigate or prepare an alibi defense

[Claim G:]    The Trial Court erred in ruling counsel did not render ineffective assistance for failing to investigate the police report

## II.  Standard of Review

This Court's power to grant relief by way of a writ of habeas corpus is circumscribed by 28 U.S.C. §§ 2254(d) and 2254(e)(1).  Under Section 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  A petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."  *Id.*  Under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

28 U.S.C. § 2254(d). The Supreme Court has emphasized that this standard places an additional hurdle before federal habeas petitioners who now must demonstrate not only that the state court's decision was erroneous or incorrect, but also that it was unreasonable. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

### III.  Analysis

#### A.    Exhaustion and Procedural Default

"In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing," a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief. *Matthews v. Evatt*, 105 F.3d 907, 910 (4th Cir. 1997); *see also* 28 U.S.C. § 2254(b) (barring the granting of habeas corpus relief unless it appears that "the applicant has exhausted the remedies available in the courts of the State"). Miller presented Claims C through G in his second state habeas petition. These claims, therefore, are properly exhausted.

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1).

5

Absent a showing of cause and prejudice or a fundamental miscarriage of justice, a federal habeas court is precluded from reviewing the merits of a defaulted claim.  *See Harris v. Reed*, 489 U.S. 255, 262 (1989).  Two claims before this Court are barred procedurally.

### 1.      Claim A:  Unlawful Arrest

Miller did not raise Claim A in his first or second state habeas petitions, or his direct appeal.  As Miller has already brought two petitions for a writ of habeas corpus before the Supreme Court, he would be barred from bringing another petition pursuant to Virginia Code § 8.01-654(B)(2)[3].  *See Breard*, 134 F.3d at 619.  Miller blames his attorney for failing to raise Claim A.  However, Miller offers no explanation about why he did not raise Claim A in his second state habeas petition, which he filed *pro se*.  Accordingly, Claim A is procedurally defaulted and will be DISMISSED.

### 2.      Claim B:  Fingerprint Evidence

Miller raised Claim B in his second state habeas petition.  This claim alleged ineffective assistance of counsel for failing to object to the use of fingerprint evidence.  Miller did not, however, raise Claim B in his first state habeas petition.  When the Supreme Court dismissed Miller's first habeas petition without prejudice, it stated that "the petitioner's right to file a subsequent petition for writ of habeas corpus [is] limited to the grounds assigned in the present petition."  (Resp.'s Br., Ex. 8, Ex. B.)  Accordingly, the Circuit Court, in its April 6, 2007 Final Order granting Respondent's motion to dismiss Miller's second state habeas petition stated:

---

[3] "Such petition shall contain all allegations the facts of which are known to petitioner at the time of filing and such petition shall enumerate all previous applications and their disposition.  No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition . . . ."  Va. Code § 8.01-654(B)(2).

"This claim could have been raised in Petitioner's first habeas corpus petition, but was not. [Miller's claim regarding the fingerprint evidence] is therefore barred pursuant to Code § 8.01-654(B)(2) . . . ."  Resp.'s Br., Ex. 9 at 5.  Because the Circuit Court dismissed Claim B based on a state procedural rule, Claim B is procedurally defaulted.  *See Breard*, 134 F.3d at 619.  Claim B shall therefore be DISMISSED.

**B.**   **Ineffective Assistance of Counsel Claims**

Next, the Court considers Claims C, D, E, F, and G that allege ineffective assistance of counsel.  Claims of ineffective assistance of counsel are governed by the standard articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, Miller must prove that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. This Court's review of counsel's performance must be highly deferential, applying "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  Second, Miller must show that counsel's deficient performance actually prejudiced his defense to the extent that a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697.  In addition, "an allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced." *Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996).

In Claims C, D, E, F, and G, Miller argues that he suffered ineffective assistance of counsel because his attorney failed to investigate various aspects of his case.  In its April 6, 2007 Final Order granting Respondent's motion to dismiss Miller's second state habeas petition, the Circuit Court found that Miller was not prejudiced by the alleged ineffective assistance of counsel for failing to investigate these same matters.[4]  The Circuit Court found: "[T]he overwhelming evidence supporting [Miller's] convictions belies any claim of prejudice resulting from his trial counsel's alleged failure to investigate the claims enumerated above."  (Resp.'s Br., Ex. 9 at 9.)  The Circuit Court also found that as to each ineffective assistance of counsel claim, Miller failed to meet the requirement articulated by the United States Court of Appeals for the Fourth Circuit in *Beaver v. Thompson* because he did not proffer what an adequate investigation would have uncovered and how this would have led to a different outcome in his case.  *See Beaver*, 93 F.3d at 1195.

Miller appealed the Circuit Court's dismissal of his second state habeas petition to the Supreme Court.  In his "Petition for Appeal for a Writ of Habeas Corpus," Miller articulated almost verbatim the same arguments that he presents in his instant federal habeas petition as to his claims of ineffective assistance of counsel for failing to investigate.  *Compare* Resp.'s Br., Ex. 10 at 4-9, *with* Mem. in Supp. of Pet. for Writ of Habeas Corpus 3-8.  This includes his claim of actual innocence.  He provides no additional evidence as to why further investigation would

---

[4]Miller raised Claim C (victim's home and telephone records) as Claim (f)(1) in his second state habeas petition.  He raised Claim D (crime scene) as Claim (f)(2) in his second state habeas petition.  He raised Claim E (victim interview) as Claim (f)(3) in his second state habeas petition.  He raised Claim F (alibi defense) as Claim (f)(7) in his second state habeas petition.  He raised Claim G (police report) as Claim (f)(8) in his second state habeas petition.

8

have changed the outcome of his case, or how he is otherwise prejudiced.  The Supreme Court refused his petition.

Therefore, Miller has not rebutted the Circuit Court's findings by clear and convincing evidence.  *See* § 2254(e)(1).  The Court concludes that the Circuit Court's findings were reasonable and that Miller's ineffective assistance of counsel claims fail.  Accordingly, the Court shall DISMISS Counts C, D, E, F, and G.

### IV.  Conclusion

Based on the foregoing reasons, the Respondent's Motion to Dismiss (Docket No. 6) is GRANTED.  Accordingly, the Petition (Docket No. 1) will be DISMISSED.

An appropriate Order shall issue.

/s/
_____
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date:  May 28, 2008